TWL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CR-38-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| EDWARD ALLEN WHEELER ) | |

The United States Attorney charges that:

At all times relevant to this Criminal Information:

1. EDWARD ALLEN WHEELER ("WHEELER"), defendant herein, was a staff sergeant in the U.S. Air Force assigned as an aircraft refueling specialist at Pope Army Air Field, North Carolina.

2. Capital One Financial Corporation ("Capital One"), Truist Financial ("Truist"), JP Morgan Chase &Co. ("Chase"), Wells Fargo & Company ("Wells Fargo"), HSBC Bank USA ("HSBC") were financial institutions within the meaning of Title 18, United States Code, Section 20(1), the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC). Navy Federal Credit Union ("NFCU") was a financial institution within the meaning of Title 18, United States Code, Section 20(2), the deposits of which were insured by the National Credit Union Administration. Hereinafter, Capital One, Truist, Chase, Wells Fargo, HSBC, and NFCU are collectively referred to as the "Targeted Banks."

## SCHEME AND ARTIFICE TO DEFRAUD

3. The allegations in paragraphs one and two of this Criminal Information are re-alleged and incorporated by reference as if fully set forth herein.

4. From not later than January 2019, and continuing up to and including September 2021, the defendant, EDWARD ALLEN WHEELER, did knowingly and willfully devise a scheme and artifice to defraud the Targeted Banks, and to obtain money, funds, credits, assets, and securities and other property owned by and under the custody and control of the Targeted Banks, by means of materially false and fraudulent pretenses, representations, and promises.

5. It was part of the scheme and artifice to defraud that WHEELER opened accounts with the Targeted Banks and deposited money into said accounts.

6. It was further part of the scheme and artifice to defraud that WHEELER depleted the funds of said accounts by engaging in financial transactions for his own benefit. WHEELER conducted debit card, credit card and check purchase transactions for goods through Amazon, Ebay, and PayPal, and for gold and other precious metals from precious metals dealers. WHEELER also transferred funds by EFT, wire transfer, and other means to accounts WHEELER held with other financial institutions.

7. It was further part of the scheme and artifice to defraud that, when said financial transactions were completed, WHEELER reported to the Targeted Banks that the financial transactions were unauthorized. WHEELER filed fraud claims wherein he falsely stated that the financial transactions were unauthorized, knowing

that said transactions were authorized and that he had conducted the transactions for his own benefit.

8. It was further part of the scheme and artifice to defraud that, through the filing of said fraud claims, WHEELER induced the Targeted Banks to refund his bank accounts with provisional credits. After the provisional credits were deposited, WHEELER promptly withdrew or transferred the money to an account at a different bank so that the money could not be recouped if and when the Targeted Banks detected WHEELER's fraud scheme.

## EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

9. From not later than January 2019, and continuing up to and including September 2021, in the Eastern District of North Carolina, and elsewhere, the defendant, EDWARD ALLEN WHEELER, did knowingly execute and attempt to execute a scheme and artifice to defraud, and to obtain money, funds, credits, assets, and securities and other property owned by and under the custody and control of financial institutions, as defined under Title 18, United States Code, Section 20, including the Targeted Banks, by means of materially false and fraudulent pretenses, representations, and promises.

All in violation of Title 18, United States Code, Sections 1344(1) and (2).

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of, or conspiracy to violate, Section(s) 215, 656, 657, 1006, 1007, 1014, 1341, 1343, or 1344 of Title 18 of the United States Code affecting a financial institution, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

a) A sum of money in the amount of $115,292.55, representing the gross proceeds personally obtained by the defendant as a result of the scheme or artifice to defraud for which he/she has been convicted; and an amount for which the defendant shall be solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p)

Personal Property:

b) $59,100.00 in U.S. Currency seized from HSBC Bank Account No. XXXXX8301, held in the name of Edward Wheeler

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond

4

the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

MICHAEL F. EASLEY, JR.
United States Attorney

TOBY LATHAN
Assistant United States Attorney
Criminal Division